IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                No. 22-CR-365-DHU

JOEL RUIZ,

        Defendant.

## MOTION TO DISMISS

Mr. Ruiz, through his attorneys, Assistant Federal Public Defenders Amanda Lavin and Emily Carey, asks the Court to dismiss the indictment. As he explains, for numerous constitutional reasons the Court should forbid this criminal prosecution. As a general rule, due process requires that an indictment give a defendant notice of each element of the charge against him so that he can prepare an adequate defense. An indictment should be clear enough for an accused to investigate the allegations and then develop an effective defense against them. It also should describe the factual circumstances supporting the offense elements so the defendant is not surprised by the evidence the government presents at trial. Additionally, the indictment must be sufficiently particular so that future prosecutions will be barred by the Double Jeopardy clause. *Russell v. United States*, 369 U.S. 749, 763-64 (1962). Here, the indictment violates Mr. Ruiz's right to due process because it does not give him fair notice of the charges against him, thereby

impairing his ability to prepare and present an effective defense. Furthermore, the indictment precludes protection from another prosecution based on the same allegations. Therefore, Mr. Ruiz requests the Court dismiss the indictment.

### A.     Relevant Background

The government has accused Mr. Ruiz of sexually abusing two children who lived on the Jicarilla Apache Nation in Dulce, New Mexico. Doc. 2 (Indictment). It alleges that Mr. Ruiz intentionally touched the genitalia of Jane Doe 1 and Jane Doe 2 at different times when both were under the age of 12. These girls lived in a house adjacent to a property owned by their great-aunt, who also is Mr. Ruiz's wife. The Does both claim that they were called over by Mr. Ruiz, who asked them if they wanted candy. When they walked over to him, he put his hand in their pants. Both made their allegations in 2021. But neither remember with any specificity when this purported touching took place. Nor are they able to describe the setting with sufficient specificity. Jane Doe 1 claimed she was touched in 2008, but then later said it happened in 2019. Jane Doe 2 said she was touched when she was three or four years old – seven to eight years before she told anyone about it. Their uncertainty as to when they supposedly were assaulted is reflected in the indictment. There, the government contends each girl was touched once, some time between 2013 and 2020, somewhere in Rio Arriba County in the District of New Mexico.

### B. Argument

#### 1. Legal Standards

The Sixth Amendment expects that an accused be given fair notice of the charge against him so that he can sufficiently investigate the allegations and prepare a meaningful defense. *Russell*, 369 U.S. at 763-64. That means each charge "must be accurately and clearly alleged." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875). To protect the accused's constitutional rights, the charge "must descend to particulars." *Id.* Vague and indefinite allegations will not adequately inform the accused of the nature and circumstances for which he must develop a defense. "Descriptive allegations in criminal pleading are required to be reasonably definite and certain, as a necessary safeguard to the accused against surprise, misconception, and error in conducting his defence, and in order that the judgment in the case may be a bar to a second accusation for the same charge." *Cruikshank*, 92 U.S. at 568-69 (Clifford, J., dissenting).

In *Cruikshank*, the Supreme Court explained the demand for specificity is based on two fundamental constitutional principles. First, particulars will "furnish the accused with such a description of the charge against him as will enable him to make his defence." 92 U.S. at 558. As a "crime is made up of acts, and intent [] these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *Id.* Second, these "essential particulars" are necessary so that the accused may "avail himself of his conviction or acquittal for protection

against a further prosecution for the same cause." *Id.*[1] If the indictment does not fulfill either requirement then it must be dismissed. *Russell*, 369 U.S. at 764.

Here, the indictment should be dismissed because it lacks the specificity that the Court held is required by the Fifth and Sixth Amendments. *See United States v. Elliot*, 689 F.2d 178, 180 (10th Cir. 1982) (indictment will be dismissed when it does not lay out elements of charge and factual circumstances supporting it). The indictment's ambiguity in both time and place, renders meaningless to the jury's deliberations when and under what circumstances any interaction took place. The government's burden of proof is necessarily reduced because it can prove the charges by mere "estimation or inference." *Valentine v. Konteh*, 395 F.3d 626, 636 (6th Cir. 2005). That reduction in the "the level of proof necessary for the Government to carry its burden . . . [is] plainly inconsistent with the constitutionally rooted presumption of innocence . . . " *Cool v. United States*, 409 U.S. 100, 104 (1972). Moreover, the vast indistinct seven year period alleged in the indictment also undermines any viable defense. It is impossible for Mr. Ruiz to develop, let alone present, an effective defense to the charges. As he explains below, whether he resorts to an alibi or disputes the Does' account through witnesses, any substantive challenge to the charges is made irrelevant by the vagueness of when the alleged touching occurred: the government can always point out that the Does did not recall when the interaction occurred, effectively shifting the burden of proof

---

[1] Although the Court set forth these principles almost 150 years ago, their "vitality" remains "undiminished." *Russell*, 369 U.S. at 768 n. 15).

to Mr. Ruiz by putting him in the position where he would need to account for his whereabouts every single day for a seven-year period. Given the unconstitutional consequences of letting the government proceed with this prosecution, the Court should dismiss the indictment.

> **2.  Because the indictment does not provide a reasonable time frame nor describe the circumstances in which the offense allegedly occurred, Mr. Ruiz is unable to develop and present an effective defense to the charges**.

As *Cruikshank* makes clear, fundamental fairness requires basic notice of the events for which the accused must answer in court. *See also United States v. Hess*, 124 U.S. 483, 487, 489 (1888) (indictment "must" include "a statement of the facts and circumstances as will inform the accused of the specific offense . . . . Such particulars are matters of substance, not of form, and their omission is not aided or cured by the verdict."). Here, the indictment does not "sufficiently apprise[]" Mr. Ruiz "of what he must be prepared to meet" so that he can put together a compelling defense to the charges. *Russell*, 369 U.S. at 763; *see also Elliot*, 689 F.2d at 179-80 (explaining that these constitutional principles "are embodied in Fed. R. Crim. P. (7)(c)(1)" which requires an indictment contain a "'plain, concise and definite written statement of the essential facts constituting the offense charged.'"). No particular date, place or circumstance are given in the indictment. Instead, each charge alleges a single act that supposedly occurred sometime, somewhere in Rio Arriba County, in a three to four year span. This arbitrary period, without any detail of the attendant setting, make it impossible for Mr. Ruiz to investigate and

5

defend against the charges.

For instance, even if Mr. Ruiz can establish that he was not in the county at certain times, the indiscriminate period covered by the indictment would make an alibi defense ineffective and meaningless.[2] He may present witnesses to prove he routinely was out of state for extended periods, but without a specific time frame or date in the indictment, Mr. Ruiz cannot rely on this testimony to establish an alibi defense. In other words, Mr. Ruiz could have an alibi for the entire seven-year period covered by the indictment, but if he is unable to account for a single day, then the jury can select that day as the one on which the act took place although the government presented no evidence proving that is so. With the vast period covered by the indictment, it is inconceivable that Mr. Ruiz can develop any viable alibi defense.

Additionally, without any detail of the particulars and the Does' inability to establish a more definite and narrow time frame, Mr. Ruiz will be unable to show that there were others present who would contradict the girls' version or cast doubt on their allegations. The government's only evidence of the charged offenses is the Does' testimony. Their version is not corroborated by any objective evidence, such as scientific, medical or recorded evidence. But with more detail and a circumscribed time frame, Mr. Ruiz would be able to gather that type of evidence to challenge the Does' version.

---

[2] According to the government's witnesses, Mr. Ruiz often was not in the area.

For example, he might be able to demonstrate that on a particular date, given his tasks for the day, it would have been impossible for him to have touched the Does without leaving some trace of the act. Or medical examinations done within a defined period could demonstrate there was no physiological or scientific evidence supporting the Does' accusations. Others who may have been in the immediate area could testify they did not see Mr. Ruiz either with the Does or touching them. With a set time period, Mr. Ruiz could find witnesses who interacted with the Does before or after the alleged touching. These witnesses could say that they did not behave any differently after their purported encounter with Mr. Ruiz or give other testimony relevant to the Does' credibility. Such witnesses would include school teachers, neighbors and community members. But who does Mr. Ruiz subpoena for trial? Because of the indictment's vagueness he cannot identify witnesses to aid in his defense. Similarly, other witnesses could testify the Does continued to mill around Mr. Ruiz's trailer and were unaffected by his presence. Those witnesses too remain unknown to Mr. Ruiz. The indictment here does not satisfy the Supreme Court's directive that Mr. Ruiz be given an adequate description of the charges against which he must defend so that he can prepare a meaningful and effective defense.

Further, the vast stretch of years covered by the indictment gives the government an unfair advantage in two respects. First, if Mr. Ruiz uses an alibi defense, the government can argue that the Does never said when exactly they were touched. Thus, it does not matter if he was routinely gone from the county. The

same goes for any witness who would say they saw no noticeable changes in the Does. The time in which these witnesses observed the Does is not the period in which the touching occurred. In other words, the government is "free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial . . ." *Russell*, 369 U.S. at 768. Second, an indictment should "inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *Cruikshank*, 92 U.S. at 558. "For this, facts are to be stated, not conclusions of law alone." *Id.* Without a reasonably defined time period and a particularized description of place and circumstances, Mr. Ruiz is deprived of the court's deliberation and decision on whether the proof submitted to support the indictment is sufficient as a matter of law to support a conviction.

The indictment's failure to specify a date or provide a reasonable time frame and its inability to distinguish any given day or month or season from another violates Mr. Ruiz's rights to due process and eviscerates any possible defense he may present. Since the indictment is not specific enough to allow a defense, it must be dismissed. *See Russell*, 369 U.S. at 764; *California v. Trombetta*, 467 U.S. 479, 485 (1984) (every criminal defendant has a constitutional right to "a meaningful opportunity to present a complete defense."); *Crane v. Kentucky*, 476 U.S. 683, 687 (1986) (terming this a "fundamental constitutional right") (citation omitted); *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010) ("Whether grounded in the

Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. This right includes, at a minimum, the right to put before a jury evidence that might influence the determination of guilt.") (internal quotation marks and citations omitted).

> **3. Because of the indictment's vagueness, Mr. Ruiz will not be protected by the Double Jeopardy clause's prohibition on future prosecutions for the same offense.**

An indictment must provide enough detail so that an acquittal or conviction will protect the accused from another prosecution for the same offense. *Russell*, 369 U.S. at 763-64. Indictments are only constitutionally sufficient if "the record shows with accuracy to what extent [the accused] may plead a former acquittal or conviction" when he again is charged with a similar offense. 369 U.S. at 764. Here, it is unlikely that the Double Jeopardy clause will protect Mr. Ruiz if he is acquitted.

The indictment's vagueness reflects the flimsiness of the Does' accusations. Given the indictment's imprecise and unreasonably broad time span, there is no way for Mr. Ruiz or the jury to distinguish any one particular day from the other 2,555 days covered by the indictment. The Does' apparently, have no distinct recollection as to when and under what circumstances the alleged touching occurred. As explained earlier, this vagueness is advantageous to the government because the Does' accusations are easily made but hard, if not impossible to disprove. Irrespective of Mr. Ruiz's defense, the government can rely on the

indeterminate period and indistinct descriptions to upend his defense. That vagueness also protects it against double jeopardy claims in a subsequent prosecution for the same conduct.

If Mr. Ruiz is acquitted on one or both counts would double jeopardy preclude the government from prosecuting him again if it alleges a narrower or different time period? And what if it alleges a more specific setting but in the same period? Or a precise setting on either side of the current span? These questions are unanswerable. The Court cannot know whether the jury deliberated on the precise periods of time and particular circumstances in which the purported touching took place because neither were alleged in the indictment, nor likely proven at trial. Given this uncertainty, the indictment's vagueness puts Mr. Ruiz at risk of double jeopardy. The government can resist a double jeopardy claim by alleging that the jury's verdict was not necessarily a rejection of a precise date or setting. That is because the original indictment's vast time span and obscure setting made deliberations on these matters irrelevant. In other words, the jury would not have made a decision, let alone an unanimous one, on the different date and/or circumstance alleged in the new indictment.[3] As the offenses charged in the

---

[3]Mr. Ruiz's vulnerability to double jeopardy is even greater if Jane Doe 1 testifies that she was touched 10 to 20 times. If he is either acquitted or convicted on Count 1, the Court cannot be sure which of these alleged incidents the jury relied on for its decision. The indictment does not explain to the jury which of these purported touchings is connected to the charge. That makes it possible for the jury to convict Mr. Ruiz without unanimity as to the underlying offense. In similar circumstances, the court in *Valentine* held that undifferentiated allegations which were not linked to the charged offenses "violated the constitutional requirements imposed by due process." 395 F.3d at 636. So too here. Worse still, that disconnect could give the government a pretext for a successive

original indictment were not linked to an identifiable time frame or setting, the government therefore can bring more focused charges in a subsequent indictment. Since the indictment does not protect Mr. Ruiz from double jeopardy, it should be dismissed.

**Conclusion**

For the reasons stated above, the Court should dismiss the indictment with prejudice.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
amanda_lavin@fd.org
emily_carey@fd.org

 *s/Amanda Lavin*
Amanda Lavin
Assistant Federal Public Defender

 *s/Emily Carey*
Emily Carey
Assistant Federal Public Defender

---

prosecution.

Certificate of Service

I hereby certify that on May 3, 2023, this pleading was filed electronically through the Court's CM/ECF system, by which counsel for the government was served electronically, as more fully reflected in the Notice of Electronic Filing.

*s/Amanda Lavin*
Amanda Lavin
Assistant Federal Public Defender