IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                              No. 22-CR-365-DHU

JOEL RUIZ,

        Defendant.

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Joel Ruiz, through his undersigned counsel, Assistant Federal Public Defenders, Amanda Lavin and Emily Carey, moves this Court to suppress all statements and evidence obtained as a result of an illicit interrogation of Mr. Ruiz, in October 2021. This motion is based on the Fifth and Sixth Amendments to the United States Constitution and Rules 12(b) and 41(h) of the Federal Rules of Criminal Procedure.

**A.**     **Factual background relevant to the motion.**

Mr. Ruiz bases his factual recitation on the discovery materials he has received from the government. He requests permission to supplement this motion and to raise any other motions and arguments based on the facts and evidence that may be revealed during any pretrial hearing and trial held in this case.

In October, 2021, government agents summoned Mr. Ruiz to a tribal police station. There, they interrogated him for approximately one hour. Their questions focused on the accusations of sexual assault made by Jane Doe 1 and Jane Doe 2.

According to the government Mr. Ruiz's answers were incriminating and it intends to use his statements against him at trial.[1] Although Mr. Ruiz was in custody when the agents interrogated him, they did not tell him that he had a constitutional right to not answer their questions. They did not tell him he could have an attorney with him or that he could consult with an attorney before the interrogation. Nor did they explain the rights afforded him by the Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966).

    **B.**    **Argument**

        **1.**    **The agents seized statements from Mr. Ruiz in violation of *Miranda*.**

The Fifth Amendment to the United States Constitution guards individuals from being compelled to incriminate themselves. *See* U.S. Const. amend. V. The Fifth Amendment privilege against self-incrimination includes the requirement that a defendant be made aware of the right to remain silent and to an attorney before police interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966).

For approximately an hour, government officials interrogated Mr. Ruiz without advising him of his *Miranda* rights. The government is barred from using at trial statements obtained during custodial interrogation before the defendant is given the *Miranda* warning, unless the defendant waived those rights. *Miranda*, 384 U.S. at 444. Officials must explain to the individual his rights when he is in

---

[1] The government noticed its intent to introduce portions of the interrogation in its proposed exhibit list, but it has not yet identified for the defense which portions it will ask the Court to admit. Doc. 40, 46.

custody and subjected to questioning that meets the legal definition of interrogation. *United States v. Revels*, 510 F.3d 1269, 1273 (10th Cir. 2007).

"Whether a suspect is in custody represents an objective determination." *United States v. Jones*, 523 F.3d 1235, 1239 (10th Cir. 2008). A person may be in custody for *Miranda* purposes before being arrested under the Fourth Amendment. *Berkemer v. McCarty*, 468 U.S. 420, 441 (1984). Courts must "ignore the subjective views of interrogating officers" and instead look to "(1) whether the circumstances demonstrated a police-dominated atmosphere; (2) whether the nature and length of the officers' questioning was accusatory or coercive; and (3) whether the police made [defendant] aware that [he] was free to refrain from answering questions, or to otherwise end the interview." *Revels*, 510 F.3d at 1275.

Mr. Ruiz was in custody when he was interrogated. He was summoned to a police station and questioned in a room undeniably controlled by law enforcement officials. *See Revels*, 510 F.3d at 1275 (although defendant in her own home when interrogated, "a reasonable person [] would have perceived a police-dominated atmosphere."). Officers from two different law enforcement agencies were with him in that room. They asked highly intrusive and accusatory questions. That Mr. Ruiz was the focus of the investigation was evinced by the FBI agent interviewer's statement to Mr. Ruiz that they weren't ready to arrest him *yet*. Still, they gave Mr. Ruiz no indication that he was free to refrain from answering questions. On the contrary, it was obvious that there was no alternative but to submit and

respond to the questions.[2]  Additionally, the officials never told him that he could stop the interrogation at any time.  It would have been evident to the reasonable person in Mr. Ruiz's position, that the course of the interrogation was being dictated and managed exclusively by the law enforcement officials. Because they were "in full control of the questioning environment," objectively then, Mr. Ruiz was in custody.  *United States v. Griffin*, 7 F.3d 1512, 1518-19 (10th Cir. 1993).

Interrogation includes not only express questioning, but also "any words or actions on the part of the law enforcement officials that they should know are reasonably likely to elicit an incriminating response from the suspect."  *United States v. Yepa*, 862 F.3d 1252, 1257 (10th Cir. 2017) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)).  Here officials asked Mr. Ruiz questions that were reasonably likely to elicit incriminating responses.  *See United States v. Perdue*, 8 F.3d 1455, 1465 (10th Cir. 1993) (given that accused was entering property primarily used to grow marijuana, officer's initial question, "What are you doing here?," was reasonably likely to illicit an incriminating response.).  Under such circumstances, the officials should have informed Mr. Ruiz of his rights under *Miranda* before questioning him and Mr. Ruiz's statements were obtained in violation of *Miranda*.

---

[2] Indeed, after Mr. Ruiz said in Spanish that he only understood the officer "a little bit," the interrogation continued for at least another 50 minutes.

**Conclusion**

As a result of the government's violation of Mr. Ruiz's constitutional rights, the Court should suppress any statements seized by government officials.

Although government counsel, Caitlin Dillon, opposes this motion, Mr. Ruiz respectfully requests an evidentiary hearing to resolve the issues he raises here.

In connection with the requested evidentiary hearing and if the government does not otherwise disclose the information, Mr. Ruiz further requests, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, that it disclose to defense counsel at least forty-eight hours before the hearing any statements, including grand jury testimony, of suppression hearing witnesses. This request is made to avoid delays in the conduct of the hearing, which necessarily will be longer if counsel needs additional time to review materials provided by the government at the hearing. Mr. Ruiz expressly reserves the right to raise any other motions and arguments based on the facts and evidence that may arise during any evidentiary hearings in this case.

Mr. Ruiz requests that the Court set this matter for evidentiary hearing and, at the conclusion thereof and after the opportunity for supplemental argument or briefing, as may be necessary, enter an order granting Mr. Ruiz's Motion to Suppress Statements and providing for such other and further relief as the Court

deems just and proper.

                                  Respectfully submitted,

                                  FEDERAL PUBLIC DEFENDER
                                  111 Lomas NW, Suite 501
                                  Albuquerque, NM 87102
                                  (505) 346-2489
                                  amanda_lavin@fd.org

                                  *s/Amanda Lavin*
                                  Amanda Lavin
                                  Assistant Federal Public Defender

                                  *s/Emily Carey*
                                  Emily Carey
                                  Assistant Federal Public Defender

Certificate of Service

I hereby certify that on May 3, 2023, this pleading was filed electronically through the Court's CM/ECF system, by which counsel for the government was served electronically, as more fully reflected in the Notice of Electronic Filing.

          *s/Amanda Lavin*
          Amanda Lavin
          Assistant Federal Public Defender