IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 22-CR-00365-DHU |
| | ) | |
| **JOEL RUIZ**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The United States responds in opposition to Defendant's Motion to Dismiss. (Doc. 50).

Defendant contends that the Indictment, Doc. 2 ("Indictment"), "violates Mr. Ruiz's right to due

process because it does not give him fair notice of the charges against him, thereby impairing his

ability to prepare and present an effective defense." *Id*. Defendant requests that this Court dismiss

the Indictment with prejudice. *Id*.  Defendant's request is misguided for the following reasons.

**RELEVANT BACKGROUND**

On March 8, 2022, a grand jury charged Defendant with two counts of Aggravated Sexual

Abuse against Jane Doe 1 and Jane Doe 2, children who had not attained the age of twelve, in

violation of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D).  *See* Indictment.  The allegations

underlying those charges include that Defendant (1) lured with candy Jane Doe 1 and Jane Doe 2

into a white travel trailer and then (2) sexually molesting them by pulling their pants down and

touching their genitals.[1] The abuse of Jane Doe 1 occurred 10-20 times over four years, or per the

---

[1] This additional information is contained in discovery. The transcript of the forensic interview of Jane Doe 1
referenced in this section was provided to defense counsel on April 4, 2022, Bates numbered 10-39. The transcript of
the forensic interview of Jane Doe 2 referenced in this section was provided to defense counsel on April 4, 2022, Bates
numbered 325-365.

Indictment: on or between January 27, 2016, and January 27, 2020. The abuse of Jane Doe 2 occurred sometime over a three-year period: on or between February 13, 2013, and February 13, 2016.

## DEFENDANT'S CLAIM

On May 3, 2023, the Defendant filed the Motion to Dismiss. (Doc. 50). The Defendant alleges that "the indictment violates Mr. Ruiz's right to due process because it does not give him fair notice of the charges against him, thereby impairing his ability to prepare and present and effective defense." *Id*. ¶ 1. The Defendant also argues that the indictment does not protect him from future prosecution involving the same allegations. The Defendant further argues that "it is impossible for Mr. Ruiz to develop, let alone present, an effective defense to the charges." *Id*. p. 4. The Defendant is asking for a dismissal of the Indictment with prejudice, alleges vagueness with reference to time, and does not request a bill of particulars. For the reasons stated below, the United States disagrees.

## ARGUMENT

I.    **The Indictment is sufficient pursuant to** Fed. R. Crim. P. 7 **and applicable Tenth Circuit caselaw.**

Federal Rule of Criminal Procedure 7 states, "the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. Pr. 7. "An indictment need only meet minimal constitutional standards, and [courts] determine the sufficiency of an indictment by practical rather than technical considerations*." United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).[2] An indictment is sufficient if "it sets forth the elements of the offense charged,

---

[2] "Where a statute creating an offense sets forth fully, directly, and expressly all of the essential elements necessary to constitute the crime intended to be punished, it is sufficient if the indictment charges the offense in the words of the

puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Id.* "An indictment that sets forth the words of the statute generally is sufficient so long as the statute itself adequately states the elements of the offense." *United States v. Darrell*, 828 F.2d 644, 647 (10th Cir. 1987).

Defendant relies heavily on two Supreme Court cases, both inapposite to the facts of this matter: *Russell v. United States* and *United States v. Cruikshank.* For example, *Russell* dealt with a defendant who was convicted under 2 U.S.C. § 192[3] for refusing to answer questions before a congressional subcommittee. The main issue there was whether the "indictment returned by the grand jury failed to identify the subject under congressional subcommittee inquiry at the time the [defendant] was interrogated." *Russell v. United States*, 369 U.S. 749, 752, 82 S. Ct. 1038, 1041 (1962). The *Russell* court ultimately concluded that the indictments were infirm because they failed to "identify the subject under inquiry;" that is the charges failed to comport to the basic language of 2 U.S.C. § 192. *Id.* at 1048.

The *Cruikshank* case dealt with several defendants who were indicted for conspiracy charges. A lower court held that the charges were not sufficient, and the Supreme Court affirmed the lower court's assertion that the charges lacked the sufficiency and particularity required by established rules of criminal procedure. However, crucially, in *Cruikshank*, the indictment alleged conduct that was not made indictable by any act of Congress," and dealt with issues involving the First

---

statute." *United States v. Crummer*, 151 F.2d 958, 962 (10th Cir. 1945). However, "the scheme itself need not be pleaded with all the certainty in respect of time, place, and circumstance requisite in charging." *Id.* at 963.

[3] "Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months." 2 U.S.C.A. § 192 (West).

Amendment. 92 U.S. 542, 549 (1875). The Supreme Court ruled that the counts "do not contain charges of a criminal nature made indictable under the laws of the United States, and that consequently they are not good and sufficient in law. They do not show that it was the intent of the defendants, by their conspiracy, to hinder or prevent the enjoyment of any right granted or secured by the Constitution." *Id.* at 557.

Similarly, the Defendant references *United States v. Elliott*, 689 F.2d 178 (10th Cir. 1982). This case dealt with a charge under 15 U.S.C § 645(a). The Court dismissed the indictment because "a violation of § 645(a) was not described as the conduct alleged did not constitute the making of a statement." *Id*. at 180.

Unlike the indictments in *Russell, Elliott, and Cruikshank* where crucial language was completely omitted or a crime was not specified, the instant Indictment against the Defendant does both. To be sure, the language for Count 1 reads as follows:

> On or about between January 27, 2016, and January 27, 2020, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, **JOEL RUIZ**, a non-Indian, unlawfully and knowingly engaged in and attempted to engage in a sexual act with Jane Doe 1, an Indian child, who had not then attained the age of twelve (12) years, and the sexual act consisted of the intentional touching, not through the clothing, of the genitalia of Jane Doe 1, who had not attained the age of 16 years, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person. In violation of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D).

Indictment.

Count 2 charges:

> On or about between February 13, 2013, to February 13, 2016, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, **JOEL RUIZ,** a non-Indian, unlawfully and knowingly engaged in and attempted to engage in a sexual act with Jane Doe 2, an Indian child, who had not then attained the age of twelve (12) years, and the sexual act consisted of the intentional touching, not through the clothing, of the genitalia of Jane Doe 2, who not attained the age of 16, years with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the

sexual desire of any person. In violation of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D).

*Id*.

Both counts set forth the elements of the offenses charged, and both put Defendant on fair notice of each victim that is associated with those charges, Jane Does 1 and 2. The plain language of the Indictment clearly enables Defendant to assert a double jeopardy defense by specifying a time period, place, and the relevant conduct or sexual act.  Or put another way, after either a conviction or acquittal, the Government is clearly barred from later charging Defendant with sex crimes against Jane Does 1–2 that occurred within the same charging window as set forth in the Indictment. Jane Does 1-2 are clear about when the abuse ends, Jane Doe 1 says it stops at a certain age, and Jane Doe 2 moves away from Dulce to Albuquerque. Thus, the Indictment is constitutional sufficient and practical in accordance with the guidance provided by *Dashney* and *Darrell*.

## II.     The timeframes provided in Count 1 and Count 2 of the indictment inform the Defendant of the nature and circumstances of the allegations against him.

"While each count of an indictment is considered a single offense, a single count may include multiple allegations of illegal acts which could have been pled as a single count if the allegations are part of a single, continuing scheme." *United States v. Schneider*, 594 F.3d 1219, 1225 n.4 (10th Cir. 2010). When "an indictment uses the terminology 'on or about,' proof of a date reasonably near to the specified date is sufficient." *United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998).

"In the absence of an express provision in the statute, proof of the specific date of the crime is not an essential element so long as it is shown to have occurred after the prior conviction, within the statute of limitations, and before the indictment." *United States v. Francisco*, 575 F.2d 815,

818 (10th Cir. 1978). "The time or date an offense is committed is not an essential element of an offense unless the statute makes it so." *United States v. Davis*, 436 F.2d 679, 682-83 (10th Cir. 1971). For cases involving child sexual abuse,

> The general rule is that Government need not prove, as an essential element, that the crime in question was committed on an exact date, so long as it proves that the crime was committed on a date that is (1) reasonably near the date(s) alleged in the indictment, (2) within the statute of limitations, (3) before the filing of the indictment, (4) different than other counts alleging the same offense, and (5) while the alleged victim was still in the age group required for the offense.

*United States v. Van Keuren*, No. CR 03-2573 MCA, *United States v. Van Keuren*, No. CR 03-2573 MCA, 2004 U.S. Dist. LEXIS 34297, at *42 (D.N.M. May 7, 2004).

This general rule "is particularly appropriate in cases involving child witnesses, who may have difficulty pinpointing events by specific dates and may find it easier to recall when something happened by reference to personal experiences such as their birthday or what grade they were in." *Id.*

The Defendant contends that "the vast indistinct seven-year period alleged in the indictment…undermines any viable defense."  Although the indictment does cover a seven-year timespan, *it is divided into two separate charges involving separate date ranges and separate children*.  That is, a four-year range under Count 1 and a three-year span under Count 2. And Defendant is in possession of all the victim and witness statements, and the alleged victims are related in some way to the Defendant through his marriage to Cecilia Ruiz. Abraham Trujillo told law enforcement that the Defendant had lived on the property in Dulce "on and off" for the past seven or eight years. Rosetta told law enforcement that the Defendant had lived in Dulce starting in 2010.

Jane Doe 1 (YOB 2012) disclosed that the Defendant molested her ten to twenty times in his camper trailer. She disclosed that the abuse occurred when she was four or five years old until she

was seven to eight years old. He would do the same thing repeatedly. Jane Doe 1 also provided the following corroborative details:(1) Defendant was her neighbor who lived behind her neighbor's home, (2) he had a white mustache, and (3) he sometimes wore a red hat and a blue shirt. Jane Doe 1 also recalled that Defendant would call her over to "dig" in her pants, under her underwear, and give them candy.

Jane Doe 2 (YOB 2010) described a guy name Joel who lived behind their house who stuck his hands down her pants. She recalled that the abuse happened before she moved to Albuquerque in the first grade, but she was alternating living with her mother and her aunt, Rosetta Cata. She doesn't recall how old she was, but the age she remembers is about three or four years old. She remembers Defendant was living behind the house, living in this little "RV thingy," and he called me over and asked if she wanted some candy. Defendant asked her to pull down her pants in exchange for candy. He then touched her private parts using his hands.

Jane Doe 1 and Jane Doe 2 are clearly under the age of 12 at the time of the sexual abuse, they are both Indian, and the abuse occurred on Jicarilla Apache Nation. The essential elements of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D) are satisfied, and the government is permitted to charge multiple allegations under a single count given that Jane Doe cannot delineate between separate acts of abuse on separate days. *See United States v. Jaynes*, 75 F.3d 1493, 1502 (10th Cir. 1996) (holding it is permissible for one count to charge sixty-four forgeries of the same name on checks because "the alleged forgeries were all part of a single scheme and thus properly charged in a single count"). In addition, the government has reasonably narrowed the timelines based on the evidence available in the case. The Defendant is on notice of the charges against him and the use of a single scheme to cover the period of abuse prevents subsequent prosecution. *See United States v. Ailsworth*, 138 F.3d 843, 849 (10th Cir. 1998) ("The accused must (1) be informed of the

charges against him so that he may present his defense and not be surprised by the evidence offered

at trial; and (2) be protected against another prosecution for the same offense").

## CONCLUSION

For the reasons set forth above, the United States requests that the Court deny the

Defendant's Motion to Dismiss.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

<u>Filed Electronically on May 17, 2023</u>
Caitlin L. Dillon
Matthew McGinley
Assistant United States Attorneys
P. O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send notification to counsel of record.

<u>*Filed Electronically*</u>
Caitlin L. Dillon
Assistant United States Attorney