IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                       Cr. No. 22-365-DHU

JOEL RUIZ,

        Defendant.

**DEFENDANT'S SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION TO DISMISS**

Defendant Joel Ruiz, by and through his counsel of record, Assistant Federal Public Defenders Amanda R. Lavin and Emily P. Carey, respectfully files this supplemental brief to address the Court's inquiries at the July 6, 2023, motions hearing pertaining to Mr. Ruiz's Motion to Dismiss the indictment (Doc. 50). Specifically, the Court requested that the parties provide additional briefing on whether the time frames the United States provided for in the indictment in which the alleged offenses are said to have occurred comport with Mr. Ruiz's right to due process (Doc. 73). Mr. Ruiz maintains his position that time frames in the indictment violate his due process rights because the seven-year "on or about" date range in which the United States alleges the charged conduct took place is so vague and overbroad that it fails to give Mr. Ruiz fair notice of the charges against him so that he can sufficiently investigate the allegations, prepare a meaningful defense, and protect against double jeopardy.

**ARGUMENT**

Generally, an indictment is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables a

1

defendant to assert an acquittal or conviction to prevent being placed in jeopardy twice for the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (1974). "A grand jury indictment is not an instrument that deals simply in abstract legal theory. Rather, it is an instrument of practical function – to ensure that there are sufficient *facts* constituting a crime alleged against a defendant to warrant a trial[.]" *United States v. Staggs,* 881 F.2d 1527, 1542 (10th Cir. 1989) (J. Ebel, *dissenting*) (emphasis in original). The indictment against Mr. Ruiz is so impermissibly vague that it violates his right to due and fails to protect his Fifth Amendment right against double jeopardy. The Court must therefore dismiss the indictment against him.

   **A. Case Law Supports Mr. Ruiz's Argument that the Indictment Violates His Due Process Rights Because It Fails to Give Adequate Notice of the Charges to Prepare a Meaningful Defense.**

As the Supreme Court explained in *Russell v. United States*, an indictment must give a defendant adequate notice of the charges against him so that he is able to mount an effective defense. 369 U.S. 749, 763-64 (1962); *see also Cole v. Arkansas,* 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than the notice of the specific charge, and a chance to be heard in a trial of the issues raised by the charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."); *Jackson v. Virginia,* 443 U.S. 307, 314 (1979) (It is "axiomatic" that "a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend"). Mr. Ruiz certainly does not contend that the Constitution requires a charging document to specify the exact dates on which an alleged offense occurred. And he recognizes that, in the context of child abuse prosecutions, courts have "found that fairly large time windows…are not in conflict with constitutional notice requirements." *Valentine v. Konteh,* 395 F.3d 626, 632 (6th Cir. 2005). But here, the indictment's failure to even provide a reasonable time frame for the alleged abuse and

inability to distinguish any given day, month, season, or year in which the abuse is alleged to have occurred, violates Mr. Ruiz's right to due process and robs him of any meaningful defense he could present.

Despite extensive research, Mr. Ruiz could not identify any one case that was factually analogous to his own as it relates to his claim that the overbroad time frame in the indictment violates his right to due process. Moreover, the vast majority of cases in federal court touching on this issue in the context of child sex abuse cases are procedurally distinct from Mr. Ruiz's case in that they arose under 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the question before the federal court in these cases was whether state court adjudication of a matter under state law, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Nevertheless, some of these cases may inform the Court's consideration of Mr. Ruiz's Motion to Dismiss (Doc. 50).

"Generally, exact dates are not required so long as they are within the statute of limitation…and no prejudice is shown." *United States v. Austin,* 448 F.2d 399 (9th Cir. 1971). However, courts caution that there must be reasonable limits to the allegation of time in an indictment. *See, e.g., United States v. Nunez,* 668 F.2d 10 (1st Cir. 1981) (finding as "reasonable" the charge that the bringing in and harboring aliens offense took place "on or about 1988, the exact dates to the grant [sic] jury unknown"); *United States v. Castillo,* 140 F.3d 874, 885 (10th Cir. 1998) (noting that when "an indictment uses the terminology 'on or about' proof of a date *reasonably near* to the specified date is sufficient") (emphasis added).

Recognizing the difficulty a young child may have in identifying precise dates, courts have found that a larger window of time *may* be reasonable in a child sex abuse case. *United States v.*

*Harris,* 940 F.2d 1539, 1991 WL 150864, *2 (10th Cir. 1991) (unpublished). In *United States v. Van Keuren,* cited by the United States in its Response, the court reiterated that the general rule against requiring that the charging document include the exact date of the offense "is particularly appropriate in cases involving child witnesses, who may have difficulty pinpointing events by specific dates and may find it easier to recall when something happened by reference to personal experiences such as their birthday or what grade they were in." Cr. No. 03-2573-MCA, 2004 WL 7337632, at *16 (D.N.M. May 7, 2004).

In *Van Keuren,* the defendant claimed that certain counts in the twenty-four-count indictment lacked constitutional specificity, thereby inhibiting his ability to prepare a defense against allegations of child sexual abuse of nine boys. *Id.* The court concluded that the government satisfied the requirement of due process "by alleging a range of dates corresponding to the children's age and particular school years or semesters during which they attended library activities conducted by the Defendant at the Crystal Boarding School." *Id.* at *16. In other words, the date range in each count had reference to a specific set of circumstances, narrowed in scope to allow the defendant to properly defend himself. The court further concluded that the defendant was not prejudiced by the dates in the superseding indictment and thus denied his motion to dismiss certain counts on due-process grounds. *Id.*

Similarly in *United States v. Harris*, although the child was unable to state a specific date or dates of the alleged offense, she was able to articulate an event or experience which narrowed the time frame in which the alleged abuse occurred. 940 F.2d 1539, 1991 WL 150864, *1 (10th Cir. 1991) (unpublished). The defendant was, in relevant part, charged in a superseding indictment with sexual abuse of a child "[b]etween August 15, 1985 and May 15, 1986." *Id.*  He filed a motion to dismiss the indictment arguing that the information in the charging document was insufficient

4

as to when and where the occurrences of the alleged sexual acts took place. *Id*. Prior to trial, the court held a hearing on the motion to dismiss. *Id.* At that hearing, the defendant claimed confusion - even after reading reports provided by the prosecution, over the victim's age and the year in which the alleged offense occurred. *Id.* The prosecutor disclosed during the hearing that the offense occurred "in the first part of the defendant's wife Maria's pregnancy," and that "the victim was seven when the incident occurred." *Id.* On appeal, the defendant claimed his Sixth Amendment right to be informed of the charges against him was abrogated and that there must be some specificity to allow him to properly prepare his defense. *Id.* at *2.

While the Tenth Circuit agreed with the defendant's contention, it concluded that the timing of the offense was disclosed by the government prior to trial with sufficient specificity to allow the defendant to prepare a defense. *Id.* Specifically, the prosecution had fixed the time by advising the defense the crime occurred during "the first part of the defendant's wife Maria's pregnancy" and stating the age of the child at the time of the offense. *Id.* Moreover, the defendant had not demonstrated prejudice. For example, the defendant never claimed that the government's failure to provide a more precise statement of the date of the offense deprived him of the ability to provide alibi testimony. *Id.* In fact, the defendant did not assert any factor by which his defense was prejudiced. *Id.* Consequently, the Tenth Circuit held that the defendant's rights were not violated. *Id.*

Even in cases where the time frame in which the alleged abuse occurred could be construed as constitutionally insufficient or questionably so, courts have concluded that "[d]ue process requirements may be satisfied if a defendant received actual notice of the charges against him, even if the indictment or information is deficient." *Parks v. Hargett,* 188 F.3d 519, 1999 WL 157431, at *3 (10th Cir. 2019) (quoting *Hulstine v. Morris,* 819 F.2d 861, 864 (8th Cir. 1987)). In

*Parks,* the defendant contended that the charging document was insufficient because it failed to state the identity of the six-year-old victim, the location of the alleged molestation, or the dates on which the incidents of molestation were alleged to have occurred. *Id.* at *3. The Tenth Circuit rejected the defendant's argument as to the identity of the victim and the location of the alleged offense because he received actual notice of these two matters during a preliminary hearing, allowing him to respond to the charges and prepare an adequate defense. *Id.*

However, no evidence narrowed the time frame to less than the seventeen-month period alleged in the charging information. *Id.* Noting that "a charging information is sufficiently precise as to time frame if the operative or approximate period of the crime is set out," the Tenth Circuit determined that – notwithstanding the lack of specific dates – the defendant was able to "mount an adequate defense" and failed to demonstrate "any prejudice" from lack of specific dates in the charging document. *Id.* at *4. The court concluded "in light of the fact that [the defendant] was able to discover at the preliminary hearing all to facts that the State would attempt to prove at trial…[the defendant] has failed to establish that the lack of specificity alleged in the charging information prejudiced his substantial rights in any way." *Id.*

Other courts have similarly concluded that actual notice of specific details can cure a constitutionally deficient charging document. *See, e.g., Sallahdin v. Gibson,* 275 F.3d 1211, 1227-28 (10th Cir. 2002) (considering both the information and the preliminary hearing evidence in determining whether the petitioner received sufficient notice of the charges); *Robinson v. Martin,* No. 19-CV-0107-WJ-CDL, 2023 WL 2716591, at *3 (N.D. Okla. Mar. 30, 2023) (in the context of a child molestation charge, concluding that the preliminary hearing put the defendant on actual notice of the charges against him); *Ervin v. Santistevan,* 19-CV-1218-KG-JHR, 2021 WL 4988464 (D.N.M. Oct. 27, 2021) (noting that "an indictment with notice deficiencies can be cured if the

petitioner has adequate actual notice of the charges" and determining that, even if deficient, the indictment in the defendant's case was cured by actual notice on the basis of each child pornography charge corresponding to separate photographs combined with the defendant's wife's testimony).

Where actual notice does not clarify the charges, several courts have adopted an objective inquiry to assess the sufficiency of the indictment: Does the charge enable the accused to mount an adequate defense? For example, in *Fawcett v. Bablitch,* the petitioner was initially charged with unlawful sexual contact with a child on December 7, 1985. 962 F.2d 617, 618 (7th Cir. 1992). When the petitioner provided an alibi for that date, the state amended the charge to allege two instances of sexual contact with a child in the six months preceding December 7, 1985. *Id.* The petitioner challenged the lack of temporal specificity in the new charging document. The Seventh Circuit held that the proper inquiry to assess the sufficiency of a charge was set forth in *Hamling v. United States*, 418 U.S. 87 (1974). *Id.* at 619. In *Hamling*, the Supreme Court stated that a charge "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar to future prosecutions for the same offense." 418 U.S. at 117. The Seventh Circuit concluded that the charging document provided the defendant with sufficient notice of the charges such that he could prepare a defense. In reaching this conclusion the court stated:

> That the prosecutor may have a hard time framing a charge that allows an adequate defense is no reason to cut down the protections accorded to suspects. If, say, [the victim] had no idea where within a five-year period events took place, the approach [offered by the petitioner] might allow the prosecutor to use a five-year span even if that destroyed any possibility of an adequate defense. The *Hamling* approach would bar such a vague charge – but if the charge is specific enough to allow a defense, the prosecutor's ability to do better does not vitiate the conviction.

*Fawcett,* 962 F.2d at 619. The court noted that the petitioner had adequate defenses available to him. He could test the alleged victim's veracity and memory of the alleged offenses. or he could deny participation in the offenses. *Id.* Importantly, the alleged victim indicated that he visited the petitioner many times from summer 1985 through the end of the year and that he saw the petitioner on weekends and during school vacations – thereby further narrowing the actual days where misconduct could have occurred in the six-month period. *Id.* at 619. The court suggested that the petitioner could have supplemented the record with an affidavit describing where he was during the weekends in question. *Id.* Highlighting the lack of prejudice to the petitioner's defense the court wrote, "For all we can see, the only day for which he had an alibi was December 7, so that charges spanning six months, six weeks, or six days would have all been the same." *Id.*

The Sixth Circuit similarly recognized that while "prosecutors should be as specific as possible in delineating the dates and times of abuse offenses…we must acknowledge the reality of situations where young child victims are involved." *Valentine v. Konteh,* 395 F.3d 626, 632 (6th Cir. 2005). In other words, the *Valentine* court recognized that practical realities often influence the ability to charge specific dates. But the case law the *Valentine* court relies on reaffirms that the test for the sufficiency of the indictment must focus on the defendant's ability to defend himself and plead double jeopardy. *See, e.g., Madden v. Tate,* 1987 WL 44909, *3 (6th Cir. 1987) (in the context of a 28 U.S.C. § 2254 motion noting that "[f]ailure to specify the precise dates upon which the alleged crimes occurred does not deprive the defendant of his constitutional right to due process where time is not of the essence of the offense and where the dates used are not picked arbitrarily."); *Fawcett,* 962 F.2d at 619 (in the context of reviewing a child sex abuse charge covering a six-month time frame, noting that *Hamling* requires the court to examine the indictment objectively: "did the charge enable an innocent accused to mount an adequate defense). Applying

8

this same logic, courts across jurisdictions recognize that prejudice to the defendant can occur then "either because [he] cannot anticipate from the indictment what evidence will be presented against him, or because the defendant is exposed to the risk of double jeopardy." *United States v. Caballero,* 277 F.3d 1235, 1243 (10th Cir. 2002).

Applying the lessons derived from these cases to Mr. Ruiz's circumstances leads to the conclusion that the seven-year period in the indictment in which the two discrete charged offenses are said to have occurred is constitutionally deficient and prejudices Mr. Ruiz's substantial rights. First, Mr. Ruiz recognizes that numerous courts have adopted the Sixth Circuit's proposition in *Valentine* that "fairly large time windows" may not conflict with constitutional notice requirements in child abuse prosecutions. Even so, analysis of these cases reveals that what is considered a "fairly large time window" is substantially less than the seven-year window with which Mr. Ruiz is now confronted. *See, e.g., Madden v. Tate,* 1987 WL 44909, at *1-*3 (6th Cir. 1987) (six months); *Parks v. Hargett,* 1999 WL 157431, at *4 (10th Cir. 1999) (seventeen months); *Fawcett v. Bablitch,* 962 F.2d 617, 619 (7th 1992) (six months); *Hunter v. New Mexico,* 916 F.2d 595, 600 (10th Cir. 1990) (three years). In those cases where the time frames in which the alleged abuse occurred were larger, other factors that are not present here aided the courts' ultimate assessment that the charging document did not violate constitutional notice requirements.

For example, in *Bruce v. Welch,* on direct appeal to the Ohio Court of Appeals, the petitioner argued that all six sexual assault counts against him should be dismissed because the four-year period in which the offenses were alleged to have occurred made it difficult for him to defend against them. 575 F. App'x 325, 328 (6th Cir. 2014). The appellate court overruled this argument, reasoning that the petitioner had "ample information" regarding the date range of the offenses to adequately prepare a defense. *Id.* at 329. Specifically, both victims testified that they

9

were under ten years of age when the assaults began, and that the assaults occurred at each and every address where they had resided with the petitioner. The children's mother testified that she and her daughters lived with the petitioner at two locations in one county and two in another and provided the dates the parties lived at those respective addresses. *Id.* at 328-39. And although the appellate court did not specifically note this in its decision, the underlying facts recited by the court in its opinion highlighted the level of detail shared by the two girls by which reference of time could be narrowed. *Id.* at 326-27.

In dismissing the petitioner's § 2254 motion, the federal district court agreed with the Ohio Court of Appeals that the petitioner had sufficient information to adequately prepare a defense. *Id.* at 329. It noted that through the course of discovery and trial, the petitioner was informed of the precise location of the alleged conduct and more detailed specification of the time periods in which each count was alleged to have occurred. *Id.* Finally, the court commented that the petitioner was not deprived of his ability to put on a meaningful defense where his primary defense was denial that he ever engaged in wrongful conduct – a defense that required only the nature of the conduct and the identity of the victim to fashion and assert a defense. *Id.*

The only case Mr. Ruiz could locate in which the challenged time frame even came close to the substantial seven-year window of time in his case was in *Hurley v. Jess*, No. 16-CV-228, 2019 WL 3997152 (E.D. Wis. 2019).[1] However, *Hurley,* like *Bruce* is distinguishable from Mr.

---

[1] In *Eldridge v. Bear,* 833 F. App'x 736 (10th Cir. 2020), the Tenth Circuit assessed a claim for habeas relief based in part on broad time frames in the charging document. However, the court lacked the necessary details to fully assess the claim. In *Eldridge,* the petitioner argued that the amended information charging him with thirty-one counts of sex abuse crimes was impermissibly vague because it "did not allege separate and distinct offenses" and instead was based on "estimates" provided by the victim. 833 F. App'x at 747. The federal district court determined that state appellate court's decision rejecting the petitioner's claim that a six-year time period was impermissibly vague was not contrary to clearly established Supreme Court law. *Id.*. The district court reasoned that it had reviewed the amended information – which was based on the victim's preliminary hearing testimony- and that the victim, the act charged, and the time window of when the alleged crime occurred were specified within each count. *Id.* However, because the petitioner failed to include the Amended Information in the record, the Tenth Circuit had no way of independently confirming the district court's interpretation. *Id.* Similarly, in *Burling v. Addison,* 451 F. App'x 761, 766 (10th Cir. 2011), the

Ruiz's case. In *Hurley*, the petitioner was charged under Wisconsin state statute with one count of repeated sexual assault of a child. 2019 WL 3997152, at * 3. The Wisconsin legislature enacted the statute "to address the problem that often arises in cases where a child is the victim of a pattern of sexual abuse and assault but is unable to provide the specifics of an individual even of sexual assault." *Id.* On appeal the Wisconsin Supreme Court assessed seven factors under state case law and determined that the 2000 to 2005 time period provided sufficient notice. *Id.* The federal district also rejected this claim in the petitioner's § 2255 motion. *Id.* at *5. Adopting the *Hamling* approach from *Fawcett*, the federal court determined that the six-year timespan, albeit broad, was not unconstitutionally broad because it did not "destroy any possibility of an adequate defense." *Id.* at *6. First, the offense of repeated sexual assault of a child, "necessarily encompasses a course of conduct occurring over a period of time – repeated sexual assault of a child[.]" *Id.* This alone distinguishes the case from Mr. Ruiz's. And although recognizing that a six-year span would negate the viability of an alibi defense, the federal court concluded that a significantly narrower time span would not have rendered an alibi defense any more viable because the victim was the petitioner's stepdaughter and he had access to her on numerous occasions. *Id.*

In contrast to *Bruce, Hurley,* and the other cases discussed above, the broad time frame and vague allegations render the indictment in Mr. Ruiz's case constitutionally deficient because it takes from him the opportunity to mount a defense. Mr. Ruiz does not dispute that the indictment sets forth the acts and intent of which the United States accuses him, but those must be set forth "with reasonable particularity of time, place, and circumstances." *United States v. Cruikshank,* 92 U.S. 542, 544 (1875). Unlike in *Parks, Harris,* and *Van Keuren,* actual notice of the charges against

---

Tenth Circuit assessed a habeas claim asserting in part that the six-year period in the information was so vague that it violated his Sixth and Fourteenth Amendment rights. The Tenth Circuit disposed of the case without much discussion on grounds that the petitioner did not demonstrate that the state's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court law.

11

Mr. Ruiz cannot cure the deficient indictment. There is no actual notice here. During the July 6, 2023 hearing, the United States suggested that that it had provided more specificity as to time through discovery the government provided to the defense. (Tr. 16:11-17; Tr. 17:7-23; Tr. 20:14-15). However, based on the defense's review of discovery in this matter, the "facts" set forth in the United States' Response are the only "facts" that exist in the entire record to establish time. And the majority of these "facts" offered by the United States provide no additional information to specify time frame. (Response, Doc. 58 at 6-7; Reply, Doc. 59 at 5-6). The information the United States provided during the July 6, 2023 hearing was not new and did not assist in curing the deficient indictment.

Additionally, unlike the cases above where time frames in the charging document were linked to a point of reference for the child, those set forth in Mr. Ruiz's indictment appear to be completely arbitrary. Responding to this argument at the hearing, the United States indicated that the specific days in the time frames of each count – January 27 in Count 1 and February 13 in Count 2 – were chosen because these are the respective birthdays of the two Jane Does. This would perhaps make sense if either Jane Doe had suggested that the alleged abuse occurred on or around a birthday. But that is not the case here.

The United States also proffered at the hearing that Jane Doe 2 indicated in a forensic interview the alleged abuse happened until she was seven years old. The government suggests that she would have turned seven in 2019 – yet for some reason it decided to add an entire additional year to the end date in the indictment, with no real point of reference for the start date. (Tr. 17:14-17). With regards to Jane Doe 1, the United States proffered that she told her mother that the alleged abuse occurred when she was in the first grade, and claimed in a forensic interview that it occurred in the middle of summer break – which the United States claims "is consistent with her

12

disclosure, that she was in first grade. Summer breaks happen when you're in school." (Tr. 17:18-23). The Court asked the United States why it would not then have narrowed the time frame in the indictment to the three-months associated with the summer vacation of Jane Doe's first grade year. (Tr. 17:25 to 18:1-3). The United States' response amounted to the fact that Jane Doe 1 "was unclear" about timeframes, and so the United States "chose to include a range in the indictment to develop that testimony further at trial." (Tr. 18:4-9). So, instead of alleging a three-month period in Count 1, the United States arbitrarily chose to charge alleged conduct over a four-year period. How can Mr. Ruiz mount a defense against charges on which the United States itself lacks clarity?

There is no dispute in this case that Mr. Ruiz was often gone from the property in question for periods of time over the course of 8 to 10 years. There is also no dispute that the location in which the United States is claiming the alleged abuse occurred is a moveable travel trailer that by its nature is never fixed at one point. Additionally, there is no dispute that the location of the alleged offenses is a property with multiple homes where various family members lived. While the courts in *Fawcett* and *Hurley* determined that, under the circumstances of those cases, being left without a viable alibi defense did not prejudice those defendants, that is not the case here where everyone agrees that Mr. Ruiz was not at the property for large swaths of time over the seven-year period charged in the indictment. Furthermore, the various people living at and coming and going from the property are potential witnesses who Mr. Ruiz cannot identify because of the vague timeline presented in the indictment.

During the hearing, the United States affirmed that "[t]he underlying discovery seems to indicate that Mr. Ruiz did live in that area off and on during the time frame of [the indictment]." (Tr. 21:20-22). It then added that "[i]t only takes five to ten minutes or even seconds to offend against a child." (Tr. 20:22-23). This statement exposes the problem Mr. Ruiz faces. The

13

government has arbitrarily assigned a seven-year period in which to charge two alleged discrete acts of abuse that it notes could have occurred in a matter of minutes or seconds. Mr. Ruiz's ability to mount a defense, described more fully in his motion and reply, is substantially impaired by the impermissibly vague time periods the United States sets forth in the indictment – distinguishing his case from most cases discovered by the defense in research. Because the indictment lacks sufficient notice thereby gutting his ability to investigate and respond to the charges against him, it is constitutionally deficient, and the Court must dismiss it.

**B. The Impermissibly Vague Indictment Places Mr. Ruiz at Risk for Double Jeopardy**

The Court asked the parties to focus on the due process issue inherent in the impermissibly vague indictment. But he would be remiss if he failed to raise, at least briefly, a second serious concern. In addition to lacking adequate notice so that he may mount an effective defense, the vagueness of the indictment threatens Mr. Ruiz's Fifth Amendment right against double jeopardy and his Sixth Amendment right to a unanimous jury verdict. Mr. Ruiz continues to be concerned regarding the United States' position that "the government is permitted to charge multiple allegations under a single count given that Jane Doe cannot delineate between separate acts of abuse on separate days." (Response at 7). This position exposes Mr. Ruiz to the dangers of duplicitous charging and highlights the danger Mr. Ruiz is in for multiple prosecutions for the same offense. *See United States v. Marshall,* 75 F.3d 1097, 1111 (7th Cir. 1996) (explaining that a duplicitous charges may expose a defendant to dangers including "improper notice of the charges against him, prejudice in shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure of double jeopardy, and of course, the danger that a conviction will result from less than a unanimous verdict as to each separate offense").

Jane Doe 1 accuses Mr. Ruiz of multiple incidents of sexual abuse, yet only is charged with one. This charging method runs afoul of Mr. Ruiz's right to remain free from double jeopardy. In *Valentine*, the Sixth Circuit held that a charge must be linked to an identifiable offense:

> Importantly, the constitutional error in this case is traceable not to the generic language of the individual counts of the indictment but to the fact that there was no differentiation among the counts. The exigencies of child abuse cases necessitate considerable latitude in the construction of criminal charges. The prosecutors in this case, however, abused this wide latitude by piling on multiple identical counts. Numerous charges cannot be made out through estimation or inference. Instead, if prosecutors seek multiple charges against a defendant, they must link those multiple charges to multiple identifiable offenses. Due process requires this minimal step. Courts cannot uphold multiple convictions when they are unable to discern the evidence that supports each individual conviction.

*Valentine v. Konteh,* 395 F.3d 626, 636–37 (6th Cir. 2005).

Counts 1 and 2 of the indictment against Mr. Ruiz each charge one discrete instance of alleged abuse each. (*See* Indictment, Doc. 2). It is a fundamental precedent of federal constitutional law that a "court cannot permit a defendant to be tried on charges that are not made in the indictment." *Stirone v. United States,* 361 U.S. 212, 217 (1960). Every accused has the right to be informed of the nature and cause of the accusations filed against him. U.S. Const. amend. VI. A fatal variance denies a defendant this fundamental guarantee because it destroys his right to be on notice of the charge brought in the indictment. *United States v. Peterman,* 841 F.2d 1474, 1477 (10th Cir. 1988), *cert. denied,* 488 U.S. 1004 (1980). An actual amendment "occurs when the charging terms of an indictment are altered…by the prosecutor or a court after the grand jury has last passed upon them." *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir. 1984) (citation omitted). The United States statement in its Response suggests an actual amendment to the indictment and highlights the peril Mr. Ruiz faces of being subject to double jeopardy in the future. The United States did not charge multiple allegations in either count. It charged a single act. The government also readily admits that Jane Doe effectively has no point of reference to determine

15

when the alleged abuse occurred. As such, the indictment's vagueness places Mr. Ruiz at great risk of double jeopardy.

## CONCLUSION

"Due process means notice and an opportunity to respond. Notice must be sufficient to make the opportunity useful." *Fawcett v. Bablitch,* 962 F.2d 617, 618 (7th Cir. 1992). The seven-year period in which the United States alleges the two discrete instances of alleged abuse occurred guts Mr. Ruiz of any viable defense against the allegations and threatens his right to be free from double jeopardy. For the reasons stated above and in Mr. Ruiz's initial motion to dismiss the indictment (Doc. 50), Mr. Ruiz respectfully requests that this Court dismiss the indictment against him with prejudice.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed July 24, 2023*
/s/ Amanda Lavin
Assistant Federal Public Defender
Attorney for Defendant

/s/ Emily P. Carey
Assistant Federal Public Defender
Attorney for Defendant