IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:22-cr-00365-DHU |
| | ) | |
| vs. | ) | |
| | ) | |
| JOEL RUIZ, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE UNITED STATES'
OPPOSED MOTION *IN LIMINE* FOR PRETRIAL
DETERMINATION OF LAND STATUS AND TRIBAL AFFILIATION

Joel Ruiz, Defendant, by and through undersigned counsel Amanda R. Lavin and Emily P. Carey, hereby responds to the United States' Motion *in Limine* for Pretrial Determination of Land Status and Tribal Affiliation. *See* Doc. 84. Mr. Ruiz respectfully requests the court deny the government's Motion for the reasons set forth herein. In support, Mr. Ruiz, through counsel, states as follows:

I.   Land status

As a preliminary matter, the government's request that the court determine land status is not a property motion in limine. "A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *United States v. Davis*, 208 F. Supp. 3d 628, 632 (M.D. Pa. 2016).  A motion to determine land status is a motion that the court cannot decide without an evidentiary hearing. "...[I]n a criminal prosecution under 18 U.S.C. §§ 1152 or 1153, the United States has the burden to prove

1

by a preponderance of the evidence that the land on which the crime is alleged to have occurred is Indian country under 18 U.S.C. § 1151." U*nited States v. Vigil*, No. CR 18-739-MV, 2019 WL 3881702, at *1 (D.N.M. Aug. 16, 2019), aff'd, No. 20-2160, 2021 WL 4888616 (10th Cir. Oct. 20, 2021), quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

The court is not required to hold a pretrial hearing on the issue of land status. Given the government's failure to bring its motion timely in a timely manner, the court should deny the government's request for a pretrial ruling on land status. The government filed the instant motion on August 17, 2023, one month before trial is scheduled to commence, and over two years since the indictment against Mr. Ruiz was returned. Docs. 2, 62 and 84. The last scheduling order the court issued with a pretrial motion deadline was entered on April 3, 3023, and that order provided a pretrial motion deadline of May 3, 2023. Doc. 43.[1]

Government's Exhibit 3, a letter from the Bureau of Indian Affairs proclaiming #13611 U.S. Highway 64 as on a plot of land within the Exterior boundaries of the Jicarilla Apache Nation, is dated August 27, 2021, and has presumably been in possession of the government since this time. Defense counsel's response to this substantive motion the government filed under the guise of a motion in limine, is due August 25, 2023. Doc. 62.  Trial is scheduled for September 18, 2023. *Id*. The court should deny this motion as untimely and require that the government be required to prove that the land where the alleged offenses occurred is Indian Country – as it would any other element of the charge – at trial.

The government must prove all elements of a charged offense beyond a reasonable doubt. *See United States v. Visinaiz,* 428 F.3d 1300, 1308 (10th Cir.2005)(citing *In re Winship,* 397 U.S. 358, 364 (1970)), *cert. denied,* 126 S.Ct. 1101 (2006). 18 U.S.C. § 1153 gives federal courts

---

[1] This scheduling order contained a pretrial motion deadline of Friday March 3, 2023, however, counsel clarified with the court via email on April 4, 2023, that the deadline was in fact May 3, 2023 and not March 3, 2023.

jurisdiction over certain major crimes, such as sexual abuse, that an Indian commits in Indian Country. To establish jurisdiction, the burden is on the United States to prove that the defendant "committed the crime within Indian Country." *Id.* at 1306 (explaining that, to prove the crime of second degree murder in Indian Country, the United States must show that the defendant "committed the crime within Indian Country"). *See United States v. Jewitt,* 438 F.2d 495, 497 (8th Cir.1971)("To establish jurisdiction, the burden is on the Government to prove that the major crime was committed by an Indian in Indian [C]ountry."). The Tenth Circuit has explained that, "[a]s a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Roberts,* 185 F.3d 1125, 1139 (10th Cir.1999). The Tenth Circuit did not, however, explicitly join those Circuits that have stated, "in dicta, the trial court should *not* submit to the jury the question of whether a particular tract of land or geographic area is Indian Country." *Id.* at 1140. *United States v. Neha*, No. CR 04-1677 JB, 2006 WL 1305034, at *2 (D.N.M. Apr. 19, 2006), aff'd, 301 F. App'x 811 (10th Cir. 2008). *See also*, *United States v. Tsosie*, No. CR 10–0773 JB, 2011 WL 2728346, at *1 ("While the Court usually hears the evidence at trial with the jury, there does not appear to be any problem with the Court hearing the evidence pretrial outside of the jury's presence and making the decision pretrial.").

If the government desired a pretrial ruling on the issue of land status, it should have adhered to the court's scheduling order and filed this substantive motion by the court's previously ordered pretrial motion deadline of May 3, 2023.  Were the motion timely filed, Mr. Ruiz would have had sufficient time to respond and there would have been time for an evidentiary hearing.  As the government cannot show good cause as to why it failed to timely file its motion, the court should deny the request for a pretrial ruling on land status.

II. <u>Tribal enrollment documents</u>

The government's request that the court issue a pretrial ruling on the admissibility of its evidence is premature. When the government puts on evidence at trial regarding evidence of Jane Doe 1 and 2's Indian child status, any exhibits it seeks to introduce at that time will be subject to admissibility via the Federal Rules of Evidence. Counsel for Mr. Ruiz will make any applicable objections at the time the government seeks to introduce its evidence and the court can rule on admissibility of the government's evidence when it the time is ripe.

III. <u>Indian status of Jane Does 1 and 2</u>

The government's request that the court make a pretrial ruling regarding an element of the charged offenses – that the Jane Does are Indian Children, as defined by federal law – is a request that court invade the province of the jury's fact-finding duties. It is the jury's exclusive role to determine whether the government has proven beyond a reasonable doubt each and every element of the charges against a defendant. At trial, the government will be required to prove, as an element of the charged offenses, that Jane Doe 1 and Jane Doe 2 are Indian Children as defined in federal law.

That the government bears the burden of proof in a criminal case and that the jury's role is the factfinder at trial are uncontroverted principals. The government asserts no authority supporting its request that the court should usurp this critical function of the jury, and relieve the government of its burden of proof.

WHEREFORE, Mr. Ruiz, by and through undersigned counsel, respectfully requests that this deny the United States' Motion (Doc. 84) for the reasons set forth above.

        Respectfully Submitted,

        **FEDERAL PUBLIC DEFENDER**
        111 Lomas NW, Suite 501
        Albuquerque, NM 87102
        (505) 346-2489

        *Electronically filed August 25, 2023*
        */s/ Amanda R. Lavin*
        Amanda R. Lavin
        Emily P. Carey
        Attorneys for Mr. Ruiz