IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                             No. 22-CR-365-DHU

JOEL RUIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Ruiz's Motion to Sever Counts ("Motion") (Doc. 52). The Government filed a Response in opposition (Doc. 57) to which Defendant filed a Reply (Doc. 69). The Court heard oral argument on the Motion on July 6, 2023. The Court, having considered the briefs, relevant law, oral argument, and being otherwise fully informed, finds that the Motion should be **DENIED**.

**I.   BACKGROUND**

On March 8, 2022, a grand jury charged Defendant with two counts of Aggravated Sexual Abuse against Jane Doe 1 and Jane Doe 2, children who had not attained the age of twelve, in violation of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D). In the first count of the indictment, the Government charged Defendant with sexually abusing Jane Doe 1 between January 27, 2016 and January 27, 2020. In the second count, it charged Defendant with sexually abusing Jane Doe 2 between February 13, 2013 and February 13, 2016.

According to the Government, the allegations underlying those charges include that Defendant (1) lured with candy Jane Doe 1 and Jane Doe 2 into a white travel trailer and then (2) sexually molested them by pulling their pants down and touching their genitals. This abuse

occurred when no one else was around, and Defendant isolated Jane Does 1 and 2 from other family members on the property in order to perpetrate the abuse. According to Defendant, neither Doe claims to have witnessed the assault of the other, nor do either contend that anyone else saw the alleged assault.

Defendant moves to sever the count involving Jane Doe I (Count I) from the count involving Jane Doe II (Count II). As grounds for his Motion, Defendant argues that: (1) joinder of the two counts is inappropriate under Rule 8(a) of the Federal Rules of Criminal Procedure; (2) even if the counts are properly joined, severance is appropriate under Rule 14 due to prejudice to Defendant.

## II. ANALYSIS

### A. Joinder is proper under Rule 8(a)

Rule 8(a) provides for joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995).

Although Defendant claims that the two counts are not part of the "same act or transaction," nor are they part of a "common scheme or plan" because the time span over which the offenses allegedly took place is different in each count and the operative facts are unrelated to one another, the Court cannot ignore that both counts charged are Aggravated Sexual Abuse of children who had not attained the age of twelve, in violation of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D). The elements of the crimes are, therefore, the same for each count. *See United States v. Esch*, 832

F.2d 531, 538 (10th Cir. 1987) ("[w]here the evidence overlaps, the offenses are similar … joinder of … offenses is proper.").

The Government intends to show that Defendant used similar methods of luring the children away from safety; specifically, he offered Jane Does 1 and 2 candy so they would enter his trailer. He is alleged to have perpetrated the assault in the same area, in his trailer, where he could not be seen by other family members on the property. He is also alleged to have engaged in the same method of abuse, that is, he stuck his hands down their pants and touched their genitalia. Finally, the Government has indicated that intends to call several witnesses who will testify regarding Jane Does 1 and 2, meaning that there will be an overlap of witnesses. Specifically, the Government intends to call Patricia Leemhuis, who will testify as to the victims' Indian status; Marlena Martinez, who will testify as to whether the alleged incidents happened in Indian country; Rosetta Catta and Abraham Trujillo, who will testify regarding their experiences living near the property where the incidents are alleged to have occurred and who knew both Jane Doe 1 and Jane Doe 2; and Investigator Rome Wagner and FBI Special Agent Alyson Berry, who will each provide investigative testimony. *See* Motion Hearing Transcript, July 6, 2023, Doc. 75 at 34-35. Therefore, because Counts I and II involve the same statutory charges, an overlap of allegations indicating Defendant's conduct was of a similar character, and an overlap of witnesses that make both Counts of a similar character, joinder of the two counts is proper under Rule 8(a).

### B. Prejudice does not require severance of counts under Rule 14

Even if joinder is proper under Rule 8, a court may order separate trials if the joinder of counts appears to prejudice a defendant. Fed. R. Crim. P. 14(a). The decision whether to grant or deny severance is within the discretion of the trial court. *United States v. Martin*, 18 F.3d 1515, 1517 (10th Cir. 1994). The defendant bears a heavy burden of showing real prejudice in his case

sufficient to warrant severance. *Id*. at 1518. To establish real prejudice, the defendant must show that the prejudice he will suffer outweighs the expense and inconvenience of separate trials. *Id.* The court should consider other remedial measures that will minimize the risk of prejudice. *See United States v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989). Limiting instructions often will cure any risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993). Nevertheless, when joinder is based on the similar character of the offenses, prejudice to the defendant is more likely because proof of one crime may tend to corroborate the commission of the other crime in violation of the evidentiary rules against evidence of propensity to commit crime. *See United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993). Additionally, "economizing judicial resources is not of great significance when the offenses were on different dates with different witnesses." *Id*.

Defendant argues that joining both counts will result in the admission of propensity evidence that would otherwise be inadmissible in a separate trial. Defendant argues, "when tried together each allegation becomes propensity evidence of the other." Doc. 52 at 3. Defendant asserts that the prejudice to him is "evident" because:

> his defense would be severely affected if the jury was allowed to use evidence of one as proof for the other. Indeed, research suggests juries confuse evidence of distinct counts when they are presented with evidence supporting multiple counts. *See* Kenneth S. Bordens & Irwin A. Horowitz, Information Processing in Joined and Severed Trials, 13 J. App. Soc. Psychology 351, 369 (1983) ("It is clear from the cognition and memory data that jurors in a joined trial situation cannot keep the two charges separate and arrive at independent verdicts.").

*Id.* Defendant also refers to *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986), where the Court noted, "It is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts, than it is to compartmentalize evidence against separate defendants joined for trial." Doc. 52 at 4.

The Court notes that severance of counts is not required "simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant," *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992). This is essentially what Defendant argues here. The Court finds that this is not enough for Defendant to meet his burden to show real prejudice.

Additionally, as the United States notes, severance would not eliminate any complained of prejudice, because much of the evidence proffered by the United States to support one count is likely admissible against Defendant in a separate trial on the other count. This is because Jane Does 1 and 2 would likely be called to present evidence of Defendant's sexual abuse involving additional incidents not alleged in the indictment or count before the Court pursuant to Fed. R. Evid. 414. Furthermore, the Court can issue appropriate limiting instructions to reduce potential prejudice by admonishing the jury to consider the evidence for appropriate purposes only and to consider each charge separately. *See United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008). (affirming court's denial of severance of three perjury counts related to defendant having raped or beaten women, because relationship of charges grew out of defendant's own conduct, use of limiting instructions reduced potential prejudice, and judicial efficiency supported one trial).

Defendant's last ground for his Motion is that he will be prejudiced by a joint trial because he may wish to testify regarding his version of events as to one count but not the other. To be entitled to a severance under Rule 14, a defendant who wishes to remain silent on certain counts and testify on other counts must "make a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *United States v. Martin*, 18 F.3d 1515 (10th Cir. 1994). The defendant must provide enough information to satisfy the court that the purported prejudice is "genuine" and to enable it to intelligently weigh considerations of judicial economy against defendant's interest in having a free choice with respect

to testifying. *Id*. "If a defendant's desire to not testify on a particular count, without more, amounted to a compelling need not to testify, then severance would be the rule, and not the exception." *United States v. Jones*, 530 F.3d 1292, 1301 (10th Cir. 2008). Instead, a defendant should "show the specific testimony he will present about one offense, and his specific reasons for not testifying about others, to justify severance." *United States v. Hernandez*, 829 F.2d 988, 991 (10th Cir. 1987). "[T]o demonstrate prejudice, a defendant must show the right to a fair trial is threatened or actually impaired." *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017).

Here, Defendant has not made a sufficient showing. He argues he "may elect to testify in his own defense in one incident, but not the other," possibly related to an alibi. Doc. 52 at 5. Defendant's request is too vague for this Court to find that he has important testimony to give concerning one count and a strong need to refrain from testifying on the other.

**IT IS THEREFORE ORDERED** that Defendant Joel Ruiz's Motion to Sever Counts (Doc. 52) is **DENIED**.

**IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE