IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.  No. 22-CR-365-DHU

JOEL RUIZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Ruiz's Motion to Dismiss ("Motion") (Doc. 50). The Government filed a Response in opposition (Doc. 58) to which Defendant filed a Reply (Doc. 68). The Court heard oral argument on the Motion on July 6, 2023. Following the hearing, the parties submitted supplemental briefs regarding the Motion (Docs. 77 and 82). The Court, having considered the briefs, relevant law, oral argument, and being otherwise fully informed, finds that the Motion should be **DENIED**.

**I.  BACKGROUND**

On March 8, 2022, a grand jury charged Defendant with two counts of Aggravated Sexual Abuse against Jane Doe 1 and Jane Doe 2, children who had not attained the age of twelve, in violation of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D). In the first count of the indictment, the Government charged Defendant with sexually abusing Jane Doe 1 between January 27, 2016 and January 27, 2020. In the second count, it charged Defendant with sexually abusing Jane Doe 2 between February 13, 2013 and February 13, 2016. The specific language of the indictment is as follows:

Count 1

Between on or about January 27, 2016, and January 27, 2020, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, JOEL RUIZ, a non-Indian, unlawfully and knowingly engaged in and attempted to engage in a sexual act with Jane Doe 1, an Indian child, who had not then attained the age of twelve (12) years, and the sexual act consisted of the intentional touching, not through the clothing, of the genitalia of Jane Doe 1, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

In violation of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D).

Count 2

Between on or about February 13, 2013, to February 13, 2016, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, JOEL RUIZ, a non-Indian, unlawfully and knowingly engaged in and attempted to engage in a sexual act with Jane Doe 2, an Indian child, who had not then attained the age of twelve (12) years, and the sexual act consisted of the  intentional touching, not through the clothing, of the genitalia of Jane Doe 2, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

In violation of 18 U.S.C. §§ 1152, 2241(c), and 2246(2)(D).

Doc. 2 at 1-2.

According to the Government, the allegations underlying those charges include that Defendant (1) lured with candy Jane Doe 1 and Jane Doe 2 into a white travel trailer and then (2) sexually molested them by pulling their pants down and touching their genitals. This abuse occurred when no one else was around, and Defendant isolated Jane Does 1 and 2 from other family members on the property in order to perpetrate the abuse.  According to Defendant, neither Doe claims to have witnessed the assault of the other, nor do either contend that anyone else saw the alleged assault.

Defendant moves this Court to dismiss the indictment in this matter.  Defendant argues the indictment violates his right to due process because it does not give him fair notice of the charges against him, thereby impairing his ability to prepare and present an effective defense.  Doc. 50 at

1-2. Furthermore, he argues the indictment precludes protection from another prosecution based on the same allegations. *Id.* at 2. The Government argues the indictment is sufficient. *See generally* Doc. 58.

## II. ANALYSIS

Federal Rule of Criminal Procedure 7 states, "the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7. "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). If those three standards are met, then the indictment "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009) (quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)). The indictment need only "quote[ ] the language of a statute and include[ ] the date, place, and nature of illegal activity." *Id.*; *Hamling v. United States*, 418 U.S. 87, 117–18, 94 S. Ct. 2887, 2907–08, 41 L. Ed. 2d 590 (1974) ("Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.") (internal citations omitted).

Moreover, "In the absence of an express provision in the statute, proof of the specific date of the crime is not an essential element so long as it is shown to have occurred after the prior conviction, within the statute of limitations, and before the indictment." *United States v. Francisco*,

575 F.2d 815, 818 (10th Cir. 1978). "The time or date an offense is committed is not an essential element of an offense unless the statute makes it so." *United States v. Davis*, 436 F.2d 679, 682-83 (10th Cir. 1971).

The Court finds that the Indictment in this matter is sufficient. The Court agrees with the Government that the counts of the Indictment adequately set forth the elements of the offenses charged and put Defendant on fair notice of the charges against which he must defend. Additionally, the language of the Indictment would enable him to assert a double jeopardy defense because, as the Government notes, the Government would "clearly [be] barred from later charging Defendant with sex crimes against Jane Does 1–2 that occurred within the same charging window as set forth in the Indictment." Doc. 58 at 5.

In his supplemental brief, Defendant notes that, "Despite extensive research, Mr. Ruiz could not identify any one case that was factually analogous to his own as it relates to his claim that the overbroad time frame in the indictment violates his right to due process." Doc. 77 at 3. Defendant also recognizes that in the context of child abuse prosecutions, courts have "found that fairly large time windows…are not in conflict with constitutional notice requirements." *Valentine v. Konteh,* 395 F.3d 626, 632 (6th Cir. 2005). Significantly, Defendant goes on:

> Mr. Ruiz recognizes that numerous courts have adopted the Sixth Circuit's proposition in *Valentine* that "fairly large time windows" may not conflict with constitutional notice requirements in child abuse prosecutions. Even so, analysis of these cases reveals that what is considered a "fairly large time window" is substantially less than the seven-year window with which Mr. Ruiz is now confronted. *See, e.g., Madden v. Tate,* 1987 WL 44909, at *1-*3 (6th Cir. 1987) (six months); *Parks v. Hargett,* 1999 WL 157431, at *4 (10th Cir. 1999) (seventeen months); *Fawcett v. Bablitch,* 962 F.2d 617, 619 (7th 1992) (six months); *Hunter v. New Mexico,* 916 F.2d 595, 600 (10th Cir. 1990) (three years).

Doc. 77 at 9. Although Defendant argues that the seven-year period of the indictment undermines his ability to prevent a defense, the Court notes that the Indictment's seven-year period is divided

into two separate periods as the two separate charges involve separate date ranges and separate children. Specifically, Count 1 includes a four-year range and Count 2 includes a three-year range. Therefore, the timeframes provided in the Indictment are sufficient. Given all of the above, the Court will deny Defendant's Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendant Joel Ruiz's Motion to Dismiss (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE