UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**
**Before the Honorable David Herrera Urias**

**CASE NO.** 22-CR-365                **DATE:** 8/30/23

**TITLE:** *USA v. Joel Ruiz*

**COURTROOM CLERK:** L. Hofstra        **COURT REPORTER:** C. McAlister

**COURT IN SESSION:** 10:06 AM – 11:15 AM        **TOTAL TIME:** 1 HOUR, 9 MINUTES

**TYPE OF PROCEEDING:** MOTIONS HEARING REGARDING UNITED STATES' OMNIBUS MOTION IN LIMINE (DOC. 83), UNITED STATES' MOTION IN LIMINE FOR PRE-TRIAL DETERMINATION OF LAND STATUS AND TRIBAL AFFILIATION (DOC. 84), DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ATTEMPT TO CONDUCT POLYGRAPH (DOC. 86), DEFENDANT'S MOTION IN LIMINE TO PROHIBIT USE OF THE WORD "VICTIM" AND TO PROHIBIT THE PRESENCE OF JANE DOES 1 AND 2 DURING TRIAL TESTIMONY (DOC. 87), AND THE UNITED STATES' OPPOSED MOTION TO EXCLUDE TESTIMONY BY DEFENDANT'S PROPOSED EXPERT WITNESSES OR IN THE ALTERNATIVE COMPEL DISCOVERY AND SCHEDULE A *DAUBERT* HEARING (DOC. 93).

**COURT RULING:**

UNITED STATES' OMNIBUS MOTION IN LIMINE (DOC. 83): GRANTED IN PART AND DENIED IN PART
UNITED STATES' MOTION IN LIMINE FOR PRE-TRIAL DETERMINATION OF LAND STATUS AND TRIBAL AFFILIATION (DOC. 84): DENIED
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ATTEMPT TO CONDUCT POLYGRAPH (DOC. 86): GRANTED IN PART AND DENIED IN PART
DEFENDANT'S MOTION IN LIMINE TO PROHIBIT USE OF THE WORD "VICTIM" AND TO PROHIBIT THE PRESENCE OF JANE DOES 1 AND 2 DURING TRIAL TESTIMONY (DOC. 87): GRANTED IN PART AND RESERVED RULING IN PART
UNITED STATES' OPPOSED MOTION TO EXCLUDE TESTIMONY BY DEFENDANT'S PROPOSED EXPERT WITNESSES OR IN THE ALTERNATIVE COMPEL DISCOVERY AND SCHEDULE A *DAUBERT* HEARING (DOC. 93): GRANTED IN PART AS TO SCHEDULING *DAUBERT* HEARING

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**        **ATTORNEYS PRESENT FOR DEFENDANT(S):**

Caitlin Dillon, Matthew McGinley                Amanda Lavin, Emily Carey

**PROCEEDINGS:**

10:06 AM: COURT IN SESSION. THE PARTIES ENTER THEIR APPEARANCES.

THE COURT ADDRESSES THE PARTIES. THE COURT WILL BE DENYING THE PENDING MOTIONS TO

SEVER AND DISMISS. WRITTEN ORDERS WILL BE ISSUED SOON.

THE GOVERNMENT PRESENTS ARGUMENT REGARDING ITS OPPOSITION TO DEFENDANT'S EXPERT DISCLOSURE.

DEFENSE COUNSEL PRESENTS ARGUMENT REGARDING DEFENDANT'S EXPERT DISCLOSURE.

THE COURT ADDRESSES THE PARTIES REGARDING THE EXPERT DISCLOSURE.

THE COURT ORDERS THAT DEFENDANT MUST SUBMIT AN EXPERT DISCLOSURE THAT COMPLIES WITH FRCP 16(B). THE COURT WILL SET A DAUBERT HEARING, LIKELY FOR SEPTEMBER 12, 2023 AT 10 AM. THE EXPERT WILL BE PERMITTED TO TESTIFY AT THIS HEARING BY VIDEO.

THE COURT DISCUSSES TRIAL PROCEDURES WITH THE PARTIES. THE PARTIES MUST SUBMIT A JOINT STATEMENT OF THE CASE BY SEPTEMBER 18, 2023.

THE COURT TURNS TO THE PENDING MOTIONS IN LIMINE.

THE COURT ADDRESSES THE US' OMNIBUS' MOTION IN LIMINE, DOCUMENT 83, AND HEARS ARGUMENT FROM THE PARTIES.

THE COURT WILL GRANT THE MOTION AS TO PROHIBITING DISCUSSIONS OF PLEA NEGOTIATIONS AND PUNISHMENT FOR BOTH PARTIES. THE COURT DENIES THE MOTION AS TO ALLEGATIONS OF GOVERNMENT MISCONDUCT, PRE-TRIAL RULINGS, OFFERS TO STIPULATE, INFORMATION KNOWN ONLY TO DEFENDANT, EXCLUSION OF HEARSAY STATEMENTS, ADMINISTRATIVE DISCIPLINE, DEFENSE EXHIBITS, DEFENDANT'S HEALTH, DEFENSE COUNSEL'S AUTOBIOGRAPHICAL REFERENCES TO JURY, ARGUING INAPPROPRIATE LEGAL STANDARDS, EVIDENCE AND ARGUMENT ABOUT THE QUALITY OF THE INVESTIGATION, AND THE REQUEST TO REFER TO THE JANE DOES AS VICTIMS.

HOWEVER, THE COURT WILL ALLOW THE GOVERNMENT TO OBJECT AT TRIAL AS NEEDED IN RELATION TO THESE TOPICS. PRIOR TO CLOSING ARGUMENTS, THE GOVERNMENT MAY REQUEST TO REFER TO THE JANE DOES AS VICTIMS DURING ITS CLOSING ARGUMENT, AND THE COURT WILL RULE AT THAT TIME.

THE COURT TURNS TO THE US' MOTION IN LIMINE FOR PRE-TRIAL DETERMINATION OF LAND STATUS AND TRIBAL AFFILIATION (DOCUMENT 84).

THE GOVERNMENT PRESENTS ARGUMENT REGARDING THE MOTION.

THE COURT DENIES DOCUMENT 84 AS TO MAKING A PRETRIAL DETERMINATION ON THESE ISSUES.

THE COURT TURNS TO DOCUMENT 86, DEFENDANT'S MOTION TO EXCLUDE EVIDENCE REGARDING ATTEMPT TO CONDUCT POLYGRAPH.

THE PARTIES PRESENT ARGUMENT REGARDING THE MOTION.

THE COURT GRANTS IN PART AND DENIES IN PART DOCUMENT 86 REGARDING THE POLYGRAPH.

THE GOVERNMENT CANNOT REFER TO DEFENDANT'S REFUSAL TO TAKE A POLYGRAPH. HOWEVER, THE GOVERNMENT MAY REQUEST TO USE THE POLYGRAPH AS IMPEACHMENT EVIDENCE IF DEFENDANT OPENS THE DOOR. IF THE GOVERNMENT BELIEVES DEFENDANT OPENED THE DOOR, IT MUST FIRST REQUEST A BENCH CONFERENCE BEFORE ATTEMPTING TO USE THE POLYGRAPH EVIDENCE AS IMPEACHMENT EVIDENCE.

THE COURT TURNS TO DEFENDANT'S MOTION TO PROHIBIT THE USE OF THE WORD "VICTIM" AND TO PROHIBIT THE PRESENCE OF JANE DOES 1 AND 2 IN THE COURTROOM DURING TRIAL TESTIMONY, DOCUMENT 87.

THE PARTIES PRESENT ARGUMENT.

THE COURT GRANTS THE MOTION AS TO THE USE OF THE WORD "VICTIM." THE COURT RESERVES RULING ON THE QUESTION OF THE JANE DOES 1 AND 2 BEING PRESENT IN THE COURTROOM DURING TRIAL TESTIMONY. IF THE GOVERNMENT LEARNS THE JANE DOES DO NOT WANT TO BE PRESENT, IT SHOULD NOTIFY THE COURT. THE GOVERNMENT DOES NOT OPPOSE JANE DOE 3 BEING SEQUESTERED.

DEFENDANT MUST SUBMIT ITS AMENDED EXPERT DISCLOSURE BY SEPTEMBER 6, 2023.

11:15AM: COURT IN RECESS.