**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    No. 22-CR-365-DHU

JOEL RUIZ,

     Defendant.

**ORDER**

This matter came before the Court on August 30, 2023 on the following motions:

1. United States' Omnibus Motion in Limine (Doc. 83),
2. United States' Motion in Limine for Pre-Trial Determination of Land Status and Tribal Affiliation (Doc. 84),
3. Defendant's Motion in Limine to Exclude Evidence Regarding Attempt to Conduct Polygraph (Doc. 86), and
4. Defendant's Motion in Limine to Prohibit Use of the Word "Victim" and to Prohibit the Presence of Jane Does 1 and 2 During Trial Testimony (Doc. 87)

At the hearing, the Court made the following rulings:

1. The United States' Omnibus Motion in Limine (Doc. 83) was **GRANTED IN PART AND DENIED IN PART**. The Court granted the motion as to prohibiting discussions of plea negotiations and punishment for both parties. The Court denied the motion as to allegations of Government misconduct, pre-trial rulings, offers to stipulate, information known only to Defendant, exclusion of hearsay statements, administrative discipline, Defense exhibits, Defendant's health, Defense counsel's autobiographical references to jury, arguing inappropriate legal standards, evidence and argument about the quality of the investigation, and the request to refer to the Jane Does as victims. However, the Court ruled that it will allow the Government to

1

object at trial as needed in relation to these topics.  Prior to closing arguments, the Government may request to refer to the Jane Does as victims during its closing argument, and the Court will rule at that time.

2.   The United States' Motion in Limine for Pre-Trial Determination of Land Status and Tribal Affiliation (Doc. 84) was **DENIED**.  The Court declined to make pre-trial determinations on these issues.

3.   Defendant's Motion in Limine to Exclude Evidence Regarding Attempt to Conduct Polygraph (Doc. 86) was **GRANTED IN PART AND DENIED IN PART**.  The Government cannot refer to Defendant's refusal to take a polygraph because of the risk of misleading the jury as to the right to remain silent.  However, the Government may request to use the polygraph as impeachment evidence if Defendant opens the door.  If the Government believes Defendant opened the door, it must first request a bench conference before attempting to use the polygraph evidence as impeachment evidence.  If the Government seeks to question Defendant's wife at trial regarding Defendant's refusal to take a polygraph, the Court will rule on the admissibility of that testimony at trial.

4.   Defendant's Motion in Limine to Prohibit Use of the Word "Victim" and to Prohibit the Presence of Jane Does 1 and 2 During Trial Testimony (Doc. 87) was **GRANTED IN PART AND RESERVED IN PART**.  The Court granted the motion as to the use of the word "victim." The Court reserved ruling on the question of Jane Does 1 and 2 being present in the courtroom during trial testimony.  Having considered the issue further, the Court denies the motion as to the request to exclude Jane Does 1 and 2 from being present during trial testimony.

Fed. R. Evid. 615 provides that: "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony…But this rule does not authorize excluding: a person authorized by statute to be present."  Crime victims have "[t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3). The "court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding." 18 U.S.C.S. § 3771(b)(1).

Defendant has not presented clear and convincing evidence that the testimony of either Jane Doe 1 or 2 would be materially altered if they hear other testimony at trial.  The Court understands some of Defendant's concerns that there is a *risk* that the testimony of each Jane Doe could be materially altered by being exposed to other witness testimony, in light of cited research regarding the inadvertent susceptibility of children to statements from adults.  *See* Doc. 87 at 4-5. However, a risk of material alteration is not enough under the statute.  Therefore, the Court denies the motion as to the request to exclude Jane Does 1 and 2 from being present during trial testimony.

**IT IS SO ORDERED.**

DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE