IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 22-CR-365 DHU |
| ) | |
| **JOEL RUIZ**, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Caitlin L. Dillon and Matthew J. McGinley, Assistant United States Attorneys, enter this sentencing memorandum in advance of Defendant's sentencing, which is set to occur on August 20, 2024, at 1:30 p.m. The United States requests that this Court impose the appropriate advisory guideline sentence of life imprisonment in this case. The United States submits that this is a proper sentence after trial and after careful consideration of the relevant sentencing factors under 18 U.S.C. § 3553. The United States incorporates all arguments and exhibits contained in the United States' Sealed Response to Defendant's Objections to the Presentence Report. (Doc. 202, 202).

I. PROCEDURAL BACKGROUND

The Defendant was convicted at trial of one count of Aggravated Sexual Abuse. (Doc. 193). The Defendant's total offense level was 43. The Defendant received a five-point increase for being a repeat and dangerous sex offender against minors. PSR ¶ 28. This enhancement was included because the offense of conviction was a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct. *Id*. The

Defendant has a criminal history category of I, yielding an advisory guideline range of life in prison. PSR ¶ 65.

Defendant filed Defendant's Objections to the Presentence Investigations Report. (Doc. 200). The primary objection raised by Defendant was the application of the five-point enhancement under U.S.S.G. § 4B1.5(b)(1) for being a repeat and dangerous sex offender against minors. The United States responded, providing exhibits, arguing that the application of § 4B1.5 is appropriate in this case because the Defendant's instant offense of conviction is a covered sex crime, and the Defendant engaged in a pattern of prohibited sexual conduct on at least two separate occasions against Jane Doe 1 and Jane Doe 3. (Doc. 201, 202). An Addendum to the Presentence Report was filed on May 16, 2024. (Doc. 203). The addendum reaffirmed the application of the five-point enhancement under U.S.S.G. § 4B1.5(b)(1). *Id*. Defendant then filed a Supplement/Correction to Defendant's Objections to the Presentence Investigation Report. (Doc. 204).

## II.   FACTS

Relevant here, this Court presided over a pretrial evidentiary hearing under Federal Rule of Evidence 414 as well as the trial itself, where both proceedings produced testimony relevant to Defendant's conviction and the determination of the five-point enhancement under U.S.S.G. § 4B1.5(b)(1). Specifically, at the Rule 414 hearing, Jane Doe 3 testified that Defendant raped her when she was a child, and the Court found that testimony to be credible. At trial, after Jane Doe 1 testified that Defendant digitally penetrated her vagina, a jury convicted Defendant of aggravated sexual abuse against a minor. With all of this evidence, the United States has no objections to the facts as outlined in the PSR. The United States has nothing further to add to the considerable record in this case.

### III. ARGUMENT

One of the factors that a court must consider in sentencing is the guideline range. *See* § 3553(a)(4). "Congress established the sentencing guidelines to provide objective benchmarks for the selection of an appropriate sentence." *United States v. Walker*, 844 F.3d 1253, 1258 (10th Cir. 2017). "Analysis of a proper sentence must start from the correctly calculated guideline range." *United States v. Jim*, 804 F. App'x 895, 897 (10th Cir. 2020). "If the sentence imposed is within the properly calculated Guidelines range, [the Court] may apply a presumption of reasonableness to the sentence." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010). The United States requests that the Court to impose the appropriate advisory guideline sentence of life in this case, based on a total offense level of 43, including the five-point increase under U.S.S.G. § 4B1.5(b)(1).

In addition to the sentencing guidelines, the Court must consider all other factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing. *See United States v. Booker*, 543 U.S. 220 (2005). "[T]he court need not rely on every single factor—no algorithm exists that instructs the district judge how to combine the factors or what weight to put on each one." *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018). The analysis "is aimed at distinguishing among defendants who commit a particular offense or type of offense." *United States v. Irey*, 612 F.3d 1160, 1202 (11th Cir. 2010).

The testimony at trial and during evidentiary hearings demonstrated that Defendant engaged in a pattern of activity that involved sexually abusing young girls. He had access to the

girls through relatives or lived nearby. He continually denies the abuse, asserting his innocence[1] despite the verdict of the jury at trial. (Doc. 200). The heinousness of the nature and circumstances of Defendant's crimes is counterbalanced with Defendant's characteristics, the only factor that appears to tilt in his favor. He is 65 years old and is a Permanent Resident of the United States and appears to suffer from minimal age-related health issues. He denies any mental health or substance abuse disorders. He has the support of his family and only reports bullying during his school years. His criminal history is older, and substance related, including Drinking in Public, Driving under the Influence, Leaving the Scene of an Accident, and Negligent Use of a Deadly Weapon. PSR ¶ 81. *Id*.

When imposing a sentence, a district court must consider both specific and general deterrence, that is, "the need to deter the defendant and others." *United States v. Walker*, 844 F.3d 1253, 1257 (10th Cir. 2017). This term of imprisonment of life is appropriate given the consideration of the factors delineated above. Only the Defendant's characteristics weigh in his favor. "It is beyond dispute that aggravated sexual abuse of a child is a serious crime that can severely affect vulnerable child victims intellectually, emotionally, and physically throughout their lives." *United States v. Burtrum*, 21 F.4th 680, 688 (10th Cir. 2021). A sentence of life punishes the Defendant for his actions, protects the public from future crimes by the Defendant, and deters the Defendant from committing further crimes. A term of imprisonment for life is reasonable and appropriate in this case to protect other children from further victimization.

**CONCLUSION AND REQUEST FOR RELIEF**

---

[1] The Court may properly consider Defendant' Ruiz's continued assertions of innocence in fashioning a sentence, "the court may constitutionally deny the reduction if the defendant's exercise of a constitutional right is inconsistent with acceptance of responsibility." *United States v. Portillo-Valenzuela*, 20 F.3d 393, 395 (10th Cir. 1994).

For the reasons stated above, the United States respectfully requests that this Court impose the appropriate advisory guideline sentence of life imprisonment in this case, impose a term of supervised release of five years to life, impose all terms and conditions contained in Attachment A to the PSR, and impose restitution as required by law.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

*Filed Electronically on 08/06/2024*
CAITLIN L. DILLON
MATTHEW J. MCGINLEY
Assistant United States Attorneys
P. O. Box 607
Albuquerque, NM 87103
(505) 346-7274

**CERTIFICATE OF SERVICE:**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

*Filed Electronically on 08/06/2024*
Caitlin L. Dillon
Assistant United States Attorney